## LEONARD NASON v. JOHN ESTEN.

Where the officer, charged with the service of writ, in an action upon a note, " watched the defendant at work in his field and waited till the plaintiff's agent and the real owner of the note enticed the defendant out of the State and neglected to make service of said writ on the defendant though he had fair opportunity for so doing," and after the defendant had left the State made service of the writ by attaching his real estate ; held, upon a plea in abatement to said writ, that the service thereof was void and that the return of the officer setting forth a valid service might be contradicted by evidence of these facts in the suit between the parties to the writ.

THE writ in this case was a writ of arrest by which the sheriff was commanded to arrest the body of the defendant, "and for the want of his body to attach his goods

and chattels and real estate, &c." The following was the sheriff's return :—" Providence, sc. : August 14th, 1851, for want of the body and goods and chattels of the within named defendant to be by me found within my precincts, I have, this day at ten minutes after three o'clock in the afternoon, attached all the right, title and interest which said defendant hath in and to a certain lot of land with the buildings thereon, the Seth Wheelock farm, so called, &c."

The defendant pleaded in abatement " that although the writ in said suit was a writ of arrest and was delivered to the officer who made service thereof for service, yet the said officer did not as by law required, use his best endeavors to arrest the body of said defendant, but on the contrary, watched the defendant at work in his field and waited till the plaintiff's agent and the real owner of the note enticed the defendant out of the State, and neglected to make service of said writ, though he had fair opportunity for so doing, &c."

To this plea the plaintiff demurred.

*Robinson* for the plaintiff.

*Browne* for the defendant.

HAILE J., delivered the opinion of the Court.

This plea is technically defective, being double, but the plaintiff's counsel makes no objection to this defect, and the question is submitted to the Court, whether the allegations in this plea are sufficient in law to abate the plaintiff's writ.

By the third section of an act prescribing the forms of writs and the manner of serving them, it is provided that whenever the writ of arrest or other writ authorizing an

Nason v. Esten.

arrest shall be delivered to an officer for service, he shall use his best endeavors to arrest the body of the defendant. (Dig. of 1844, p. 113.) And it has always been the policy of the laws of this State to secure the property of the debtor from attachment on original writs, so long as the debtor is present and can be arrested.

It is the right of the creditor on the one hand to hold the body of his debtor to respond to any judgment which he may recover against him, and, on the other hand, it is the privilege of the debtor, to hold his personal property while he remains at large within the county and his real estate while he remains at large within the State, freed from attachment.

This right and privilege every officer, charged with the service of a writ of arrest, is bound by his oath of office and by the command of the law to respect.

By the rules of the common law, the officer's return is conclusive evidence of the facts therein set forth, and cannot be contradicted by other evidence as between the parties to the original writ, and the party injured by a false return is left to his remedy by suit against the officer.

But by the twelfth section of said act, it is provided that the return of an officer that the body of the defendant named in any writ of arrest, served by attachment of goods and chattels or real estate, cannot be found within his precinct or within this State, shall be *prima facie* evidence only of such fact, which evidence may be rebutted by other evidence in issue joined upon such fact, in the suit in which such attachment shall be made. (Dig. of 1844, p. 116.)

It may be doubtful whether the defendant could plead in abatement under this statute that the officer, charged with the service of this writ, did not, as by law is re-

46

quired, use his best endeavors to arrest the body of said defendant ; but, if we consider this part of the defendant's plea as mere surplusage, the allegation in the defendant's plea, that the officer watched the defendant at work in his field and waited till the plantiff's agent and real owner of the note enticed the defendant out of the State and neglected to make service of said writ, though he had full opportunity for so doing, may be fairly deemed an allegation that the defendant could be found in the officer's precinct, and that the plaintiff's agent and real owner of the note fraudulently enticed the defendant out of the State for the purpose of making this attachment. The enticement to be sure is not alleged to have been fraudulent ; but the transaction as set forth, does in our opinion, import fraud and contradicts the officer's return.

And this construction is not liable to the objection of the plaintiff's counsel, that if the defendant in his plea be not confined to the precise time of the attachment, that no definite rule upon the subject can be fixed and that the defendant in his plea might cover the whole period of time from the delivery of the writ to the officer for service, to the date of the attachment ; for this conduct of the officer and the attachment may be with propriety considered one entire transaction and act of the officer, having for its sole end and aim the attachment of the defendant's real estate in violation of law.

The officer was charged with the service of this writ agreeably to the directions therein contained ; the command in the writ to the officer was to arrest the body of the defendant, (if to be found within his precinct.) The defendant was within the officer's precinct and might have been arrested, yet the officer waits, sees the defendant enticed out of the State and then attaches his real estate.— With what propriety, honesty and truth can the officer,

under such circumstances, return that the body of the defendant was not to be found within his precinct.

Such conduct on the part of the officer in this case was, in our opinion, a gross and palpable violation of his official duty, a disregard of the command of the law and an infringement of·the privilege of the defendant.

The *defendant's* plea in abatement must therefore be sustained and the demurrer of the plaintiff overruled.